KENNON, Judge.
On November 25, 1947, plaintiff loaned $511.68 to one Richard Guest. This loan was secured by chattel1 mortgage of even date on a 1940 Hudson sedan. Defendant issued a policy of insurance covering this mortgaged vehicle, which was destroyed by fire on December 16, 1947. Plaintiff, alleging that the policy issued by defendant to mortgagor Guest contained a clause providing that any loss thereunder was payable to the insured by defendant “as interest may appear,” filed this suit seeking to recover the amount of its note together with a penalty of 25% under Section 14:48 of Act No. 195 of 1948, LSA-RS 22:658, and an additional $250 as attorney’s fees allegedly incurred as a result of defendant’s arbitrary refusal to pay its claim.
Defendant filed an exception of no cause or right of action based on the ground that the loss payable clause “as interest may appear” was not sufficient to permit a direct action by the mortgagee against the insurer.
Defendant in answer admitted the issuance of its policy covering the Hudson automobile belonging to Richard Guest, and that notice of its destruction was given, but set forth that the automobile was burned deliberately by its owner and prayed for judgment rejecting plaintiff’s demands.
After the exception of no cause or right of action was overruled, trial was had on the merits, and from a judgment rejecting its demands, plaintiff prosecutes the present appeal.
The policy in the record before us virtually makes the mortgagee (present plaintiff) an insured in equal status to the car owner, as may be noted from the following quotation in full of the “Loss Payee” clause: “Loss Payee: Any loss hereunder is payable as interest may appear to the insured and White System, Alexandria, La.”
In view of the above policy provision and the Louisiana law and authorities, the District Court correctly overruled the exception of no cause or right of action. Tilley v. Camden Fire Insurance Association, 139 La. 985, 72 So. 709.
On the trial of the case plaintiff, after proving that the amount of $511.68 was due it under the mortgage note covering the insured automobile, introduced the owner of the car as a witness. He testified that the car caught fire while being towed in an effort to start the engine; that he and those with him were unable to put the fire out, and that he notified the mortgagee of the destruction of the automobile. Mr. Guest, the owner, testified that he had had trouble before the date the car burned with a short circuit in the car, particularly on the occasion *699 when he carried a saw to the Simon Saw Shop in Shreveport for one Edward Wood. Edward Wood, operator of a small sawmill, verified this testimony, stating that while on the trip in question, a fire started under the hood of the Hudson automobile which they were able to extinguish by pulling the burning wires loose and throwing dirt on the burning parts.
Aldine Kellogg, introduced by plaintiff, testified that he had done repair work on the Hudson sedan which later burned; that the battery and wires “shorted out and it woul'd catch fire every time it started.” He noted that several wires showed evidence of having been burned; that he replaced some of the wires, but could not complete the needed repairs because of lack of the necessary material.
Defendant introduced James Preston Stanford who testified that on the morning the car burned, he and his brother saw Richard Guest and, at his request, towed the Hudson automobile away from a place where it was stranded on the road with the hope of getting it started so that Guest could carry it home; that as they pulled the car along the road they reached the “Pinetumbler Hill” where the Hudson automobile caught- on fire, which it was being towed, and that by the time -they reached the bottom of the hill, “there was such a big flame we couldn’t do nothing with it.” After this testimony was adduced, defense counsel plead surprise and introduced in evidence a conflicting statement in which this witness had set forth that the Hudson automobile in question had been deliberately burned by ■ its owner with the assistance of this witness and his brother, George Mac Stanford.
George Mac Stanford was introduced by defendant. He testified that he and his brother were towing the Guest car, which started smoking while it was going downhill, and that they got his brother’s car loose from it, but there was not time to put out the fire. Defendant then introduced the testimony that this Stanford had also made contradictory statements some three weeks before when interviewed by defendant’s counsel at the Stanford home, in which he had concurred in the statements set forth in the written statement of his brother to the effect that the two of them had assisted Guest in deliberately burning the insured Hudson.
Defendant introduced no other testimony to support its contention that the car was deliberately burned.
We accept without reservation and as completely true the testimony of defendant’s counsel that the Stanford brothers made the statement to him some three weeks before the trial that Richard Guest deliberately burned the Hudson automobile, and, although the adjuster who took the statement was not introduced as a witness, we conclude from the testimony of the notary public and of defendant’s counsel that Preston Stanford gave to the adjuster the statement in which Guest was accused of deliberately burning his automobile.
We believe that our learned brother of the District Court erred as a matter of law in accepting the conflicting written and verbal statements and testimony of the Stanfords as having the effect of destroying the Stanford court testimony that the car was accidentally burned, and further in accepting the repudiated stories as establishing defendant’s defense.
Having admitted the destruction of the insured car by fire, defendant is liable unless it establishes the deliberate nature of the burning by a preponderance of the testimony. Except such as was included in the repudiated Stanford statements, there was no testimony in the record that the car was deliberately burned. Although the Stanford brothers gave statements that the fire was deliberately started, their sworn testimony was directly opposite. The repudiated Stanford statements and their contradictory sworn testimony, taken together, do not offset the positive and consistent statement and corroborated testimony of the car owner that the fire was accidental in origin. There should have been judgment in favor of the plaintiff for the amount due it under the mortgage.
*700 We do not think attorney’s fees or penalties should be allowed for the reason that defendant had just cause, prior to the time the Stanford brothers took the witness stand and went back on their testimony, to believe that it had a valid defense to plaintiff’s claim.
For the reasons assigned, the judgment appealed from is reversed and judgment is now rendered in favor of plaintiff, White System of Alexandria, Inc., in the amount of $511.68, together with 5% interest from date of judicial demand until paid, and for costs of both courts.